## UNITED STATES

v.

**Airman Bruce S. ALT, FR 106–58–6295, United States Air Force.**

**ACM S25145.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 Oct. 1980.

Decided 30 July 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William Ronald Smith, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

KASTL, Judge:

Did the accused's court-martial possess jurisdiction to try him for off-base offenses committed at a commercial bank? We answer this question in the affirmative.

All five of the offenses in this case arose within the space of several hours during a June afternoon. The accused was visiting the barracks room of a close friend, Airman Briscoe, during the noon lunch break. The accused received Briscoe's permission to remain since the accused was not planning to return to duty. Some time later, he noticed both Briscoe's Armed Forces Identification Card and his savings account passbook. Wrongfully appropriating the card and passbook, the accused changed into civilian clothes and drove off Scott Air Force Base and into nearby Belleville, Illinois. There, he approached the drive-in window of Briscoe's commercial bank. The accused filled out a withdrawal slip, signed Briscoe's name, presented the withdrawal slip along with Briscoe's identification card, and received $100.00. He then reappeared at Briscoe's room, returning the passbook and ID card.

Based on this scenario, the accused was charged and convicted of wrongful appropriation of the passbook and identification card; wrongful possession of the identification card; failure to go to his appointed place of duty; and two offenses consummated at the Belleville bank—falsely making and then wrongfully uttering the forged bank withdrawal slip, violations of Articles 121, 134, 86 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934, 886, 923. He was convicted of all offenses and sentenced to a bad conduct discharge, two months' confinement at hard labor and reduction to airman basic.

Before us, the accused contests military jurisdiction to try him for the Article 123 offenses occurring at the off-base bank.

The military judge found that court-martial jurisdiction existed and made the following specific findings:

With regard to personal jurisdiction over the accused, I find that the accused was on active duty as an enlisted member of the United States Air Force at the time of the offenses and has remained in this active duty status without discharge or termination through the date of this trial. With regard to the exercise of jurisdiction over the subject matter of the offenses alleged against Airman Alt, I find that the accused was present on Scott Air Force Base, Illinois on 5 June 1980 when the passbook and ID card were taken by him, but was improperly absent from Scott Air Force Base at the time of the alleged offenses at Belleville, Illinois.

The offenses under Article 123 were committed at Belleville, Illinois and the Article 134 and 86 offenses were committed both on and off base.

The accused was not performing military duties at the time of the offenses.

The Article 134 and 86 offenses were committed at a place under military control. The Article 123 offenses were not. All offenses were committed within the territorial limits of the United States.

The offenses were committed in peacetime and unrelated to authority stemming from the war power. There was a connection between the accused's duty assignment, the Scott Air Force Base, and the Article 123 and 134 offenses in that such assignment more easily enabled him to have access to the dormitory where Airman Briscoe lived, knowledge of Air Force duty hours of Airman Briscoe, knowledge of living habits of Air Force personnel, and knowledge of Air Force security measures regarding the safeguarding of property on base. This knowledge would more easily enable the accused to obtain the passbook and ID card to commit the off-base offenses. The precise legal victim of the Article 123 offenses appear to be a civilian entity, but the intended victim was an active duty member of the United States Air Force who was in fact victimized by the accused. The military victim was on official duties at the time of the offenses for the United States Air Force.

There was a threat to Scott Air Force Base, its personnel and property located thereon due to United States property being wrongfully appropriated for the purpose of defrauding others, including military personnel. In addition, a military member using such property in the civilian community threatens the integrity of the armed forces personnel.

The accused formulated the criminal intent to commit Article 123 and 134 offenses while on Scott Air Force Base. The accused also made necessary and integral preparations for the commission of the Article 123 and 134 offenses on Scott Air Force Base.

The 123 offenses are judicially prosecuted in both civilian and military courts-martial; the Article 134 and 86 offenses are purely court-martial offenses.

In presenting an armed forces identification card to the bank, the accused used military status to wrongfully obtain funds.

In balancing all the *Relford* factors, I conclude that the commission of the offenses on Scott Air force Base, Illinois,

and in Belleville, Illinois, weigh in favor of the exercise of jurisdiction by the military and therefore I conclude that the military interest in deterring these offenses is distinct from and greater than that of civilian society, and that the distinct military interest can be vindicated adequately only in a trial by court-martial, and that therefore this court has jurisdiction of all of the offenses charged.

We believe that the military judge was correct in his ruling. We regard these matters as particularly relevant:

1. The accused formed the intent to commit the Article 123 offenses on Scott Air Force Base while in an on-duty status.

2. He wrongfully appropriated the passbook and ID card from a dormitory room, a place to which he would have enjoyed no access without his military status, in order to complete his course of illegal conduct off the installation.

3. Then, while the accused was improperly absent from the base, he represented himself to be Airman Briscoe, employing the victim's military ID card as the sole, specific means to facilitate and effectuate his offenses.

4. The accused used this false military status to victimize a commercial bank in a city adjacent to the base, thereby jeopardizing military-community relations.

5. The indirect victim lived on base, an enclave where the military has a distinct and paramount duty to protect property of its personnel.

Based upon these factors and our reading of the record as a whole, we are convinced that the military judge properly weighed the factors in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). We find that the court-martial properly exercised jurisdiction over the off-base offenses in this case. *United States v. Lockwood*, 11 M.J. 818 (A.F.C.M.R.1981).

The findings and sentence are correct in law and fact. No error materially prejudicial to the substantial rights of the accused

was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.